DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas which, after granting, in part, and denying, in part, a motion to suppress filed by appellant, Ronald Georgieff, accepted appellant's no contest plea and found appellant guilty of possession of marijuana. In his three assignments of error, appellant argues that the trial court erred in ruling on his motion to suppress. For the reasons stated herein, this court affirms the judgment of the trial court.
The following facts are relevant to this appeal. On September 9, 1999, appellant was indicted for possession of more than two hundred but less than 1,000 grams of marijuana in violation of R.C. 2925.11(A) and (C)(3)(c) (Count 1) and for preparation of more than two hundred grams of marijuana for sale in violation of R.C. 2925.07(A)and (C)(3)(c) (Count 2). On November 30, 1999, a hearing on appellant's motion to suppress was held. On February 8, 2000, the trial court found that the investigative stop was valid but that the frisk was not; the trial court also found that the marijuana was in open view or, alternatively, the inevitable discovery doctrine would apply. Therefore, the trial court granted, in part, and denied, in part, appellant's motion to suppress. On February 8, 2000, appellant withdrew his not guilty plea to Count 1 and entered a plea of guilty to that count. Count 2 was nolled. On March 14, 2000, appellant was sentenced to serve ten months incarceration. Appellant filed a timely notice of appeal.
A trial court assumes the role of the trier of fact and, therefore, is in the best position to resolve factual questions and evaluate the credibility of a witness when considering a motion to suppress. Statev. Mills (1992), 62 Ohio St.3d 357, 366. When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594. An appellate court must independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486,488.
In his first assignment of error, appellant argues that no testimony established that the officers had reasonable suspicion to stop him.[1]
This court finds no merit in this assignment of error.
Terry v. Ohio (1968), 392 U.S. 1, permits a police officer in appropriate circumstances to approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest. In order to warrant a brief investigatory stop, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio (1968),392 U.S. 1, 21. The determination of whether a stop is warranted depends on whether, considering the totality of the circumstances, the officer had an objective and particularized suspicion that, "* * * criminal activity was afoot." State v. Andrews (1991), 57 Ohio St.3d 86, 87.
In this case, the officer cited specific facts which aroused his suspicion of criminal activity. Appellant's car was parked in the parking lot of an abandoned, boarded up building at approximately 9:20 p.m., a site where stolen vehicles had been recovered. The officer testified that he had recovered several stolen vehicles from the parking lot and made three or four drug arrests there. Furthermore, there had been several breaking and entering alarms to the building as well as gang activity and drug activity. The officer testified as to his personal knowledge of the above mentioned criminal activity. When the police officers parked the police car, appellant and his passenger immediately existed the vehicle and walked quickly away from the vehicle and toward the officers. This behavior aroused the officer's suspicions.
These facts as set out by the officer meet the "specific and articulable fact" for detention requirement from _Terry, supra. We find sufficient evidence to support the court's finding that the officer had probable cause for the stop.
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that the evidence found admissible under the open view doctrine should have been excluded because the stop and frisk[2] were illegal. This court finds no merit in this assignment of error.
The officer testified that he stopped to check to see if the car was stolen. He testified that he would have checked the column to see if it was "peeled" and the vehicle's vin number to verify that the vehicle was stolen.
In State v. Snyder (Aug. 25, 1995), Wood App. No. WD- 94-098, unreported, this court, in a case in which a stolen item was in "open view" in a vehicle in a shopping mall parking lot, concluded that:
 "* * * This analysis [regarding the plain view exception] was unnecessary as the incriminating evidence was in `open view'. Specifically, the evidence was visible from an area in which appellant had no reasonable expectation of privacy.
 "`As a general rule, one does not have a reasonable expectation of privacy in common or public areas. When others have access to an area, the accused assumes the risk that others will observe items left in open view. While the accused may have a subjective expectation of privacy in his car while parked in a business lot, it is not one which this court, or more importantly, society is prepared to recognize as reasonable. (Citations omitted.)'
 "In the present case, the searched automobile was parked in a mall parking lot, clearly a nonprotected public area, and therefore appellant assumes the risk that items left in open view may be observed. The stolen item was partially exposed in the rear seat of the unlocked vehicle, with the windows open and in open view at a public parking area. Appellant can hardly claim to have a constitutionally recognized expectation of privacy in a common or public area such as a mall parking lot. * * *"
See, also, State v. Harris (1994), 98 Ohio App.3d 543, 547.
The marijuana in this case was in open view in appellant's vehicle, in clear plastic bags inside a white plastic bag partially sticking out from under the front driver's seat. Additionally, there was some marijuana on the floor of the vehicle. Applying the above legal analysis to this case, this court concludes that the trial court did not err in concluding that the open view doctrine applied.
Accordingly, appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant argues that the inevitable discovery exception is inapplicable to the evidence in this case. Our decision as to the second assignment of error renders appellant's third assignment of error moot.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Peter M. Handwork, J.
JUDGE
Richard W. Knepper, P.J., Mark L. Pietrykowski, J., CONCUR.
[1] As this court noted in State v. Callaway (Nov. 12, 1999), Lucas App. No L-99-1059, unreported, "Throughout the remainder of this opinion, the portion of the encounter between appellant and the officers which occurred prior to the arrest, will be referred to as a stop. In the cases pertaining to this topic, the Supreme Court has employed the term `Terry' or `investigative' stop to refer to any seizure of a person which does not constitute an arrest. Thus, even though the vehicle in this case was parked when the encounter took place, the actions of the officers still constitute a `stop' until the arrest occurred."
[2] The trial court granted appellant's motion to suppress as to the frisk, finding that there was not a sufficient basis in fact for the officers to believe appellant and his passenger were armed and dangerous. Therefore, the legality of the frisk is not an issue on appeal.